# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK SLIEPCEVIC, LINDA SLIEPCEVIC, | § § § | |
| *Plaintiffs*, | § § | Civil Action No. SA-23-CV-00553-XR |
| v. | § § | |
| AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY, INC., | § § § § | |
| *Defendant.* | | |

## ORDER

On this date, the Court considered Plaintiffs Mark and Linda Sliepcevic's Motion to Remand (ECF No. 9), Defendant American Family Connect Property and Casualty Insurance Company, Inc.'s Response (ECF No. 14), Plaintiffs' Reply (ECF No. 16), Defendant's Sur-Reply (ECF No. 18), and Plaintiff's Sur-Response (ECF No. 21), as well as the arguments made by both parties in open court on June 27, 2023. After careful consideration, the Motion is **DENIED**.

## BACKGROUND

This case arises out of an insurance dispute between Plaintiffs Mark and Linda Sliepcevic and Defendant American Family Connect Property and Casualty Insurance Company, Inc. ("American Family Connect").

On or about August 2, 2022, Plaintiffs purchased a homeowner's insurance policy from Defendant. ECF No. 1-4 (Plaintiffs' Original Petition) ¶ 11. On October 26, 2022, Plaintiffs suffered a loss due to an accidental and sudden discharge of water, and thereafter filed a claim with Defendant. *Id.* ¶ 12. After receiving a claim number, Plaintiffs were instructed to contact ServPro, a preferred contractor of Defendant. *Id.* ¶¶ 13, 14. ServPro subsequently provided an

estimate of the damages to Plaintiffs' property and began repairs to the drywall and carpeting on October 28, 2022. ¶ 16. Defendant then communicated to Plaintiffs that their claim had been denied. ¶ 17.

Plaintiffs filed this action in the 451st Judicial District of Kendall County, Texas on April 7, 2023, asserting claims for breach of contract and violations of the Texas Deceptive Trade Practices Act. ECF No. 1-4. Plaintiffs seek to recover monetary relief of up to $250,000.00, which includes alleged actual damages, statutory damages and penalties, exemplary damages, and attorneys' fees. *Id*. ¶¶ 2, 35.

On May 2, 2023, Defendant timely removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1 at 1. Plaintiffs timely moved to remand, arguing the amount in controversy does not satisfy the jurisdictional requirement. ECF No. 9. Defendant opposes remand. ECF No. 14. Both parties agreed in open court on June 27, 2023 that the existence of diversity of citizenship is undisputed.

## DISCUSSION

### I.  Legal Standard

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). It follows, then, that the removing party has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to

exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.* If the defendant can produce evidence sufficient to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs. *See De Aguilar*, 47 F.3d at 1411.

In evaluating a motion to remand, a court must resolve "all factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal."); *Martinez v. Pfizer Inc.*, 388 F. Supp. 3d 748, 761 (W.D. Tex. 2019) ("because jurisdiction is fixed at the time of removal, the jurisdictional facts supporting removal are examined as of the time of removal").

## II. Analysis

In support of their argument that the amount-in-controversy requirement is not satisfied, Plaintiffs cites the allegation in their original state court petition that they "seek monetary relief of $250,000 **or less**, excluding interest, statutory or punitive damages and penalties, and attorney fees, and costs; as well as non-monetary relief." ECF No. 1-4 ¶ 2 (emphasis added). In Texas, a statement in the petition limiting damages to a figure below the amount-in-controversy

requirement of $75,000 or less, however, does not preclude removal since it is not binding, and litigants who want to prevent removal must file a binding stipulation or affidavit with their petition. *See De Aguilar*, 47 F.3d at 1413. Plaintiffs did not file a binding stipulation limiting their recovery to $75,000 and cannot rely on the allegations in the petition to defeat federal jurisdiction.

Still, the Court recognizes that it is not obvious from the face of the petition that Plaintiffs' claims are likely to exceed the requisite amount. ECF No. 9 ¶ 4. Thus, Defendant must set forth summary judgment type evidence to establish the jurisdictional amount by a preponderance of the evidence. *Manguno*, 276 F.3d at 723. Plaintiffs attach to their Motion a copy of *Leininger v. Marriott Int'l*, Civil Action No. 5:20-cv-01467-FB (Jan. 27, 2021). The case, however, is dissimilar to the situation at hand. In *Leininger*, the Court found that the defendant had provided "no indication or evidence of any amount of damages." *Id*. at 11. By contrast, Defendant in this case has provided sufficient evidence to clearly establish that the amount in controversy is greater than $75,000. First, Defendant attached to its Response copies of Plaintiffs' obtained repair estimates from Servpro (referenced by Plaintiffs in their original petition). Servpro estimated that it would cost $4,053.45 for water remediation and $46,551.93 for reconstruction. *See* ECF Nos. 14-2, 14-3. Second, under the Texas DTPA, a plaintiff can seek additional damages of up to "three times the amount of economic damages" for knowing or intentional conduct. *See* TEX. BUS. & COMM. CODE §17.50(b)(1). Plaintiffs are therefore seeking to recover up to $150,000 in additional statutory damages. *See* ECF No. 1-4 ¶ 2 (Plaintiffs' original petition indicates that they are bringing claims arising under the Texas DPTA and seeking monetary relief for statutory damages). On these bases alone, Plaintiffs have established claims in excess of $200,000.

Finally, the Court notes that Plaintiffs' pre-suit demand letter asserted that Plaintiffs had incurred damages in the amount of $188,000 plus attorneys' fees. *See* ECF No. 14-5. Plaintiffs

contend that Federal Rule of Evidence 408 bars consideration of the Plaintiffs' pre-suit demand letter. ECF No. 16 at 3. Alternatively, Plaintiffs assert that even if the Court does consider the pre-suit demand letter, it states that "total damage has not been ascertained." ECF No. 14-5. The Court finds that Rule 408 does not bar consideration of the pre-suit demand letter. Indeed, many courts within the Fifth Circuit have considered pre-removal settlement offers as evidence of the amount in controversy. *Carnahan v. S. Pacific R.R. Transp. Co.*, 914 F. Supp. 1430, 1432 n.4 (E.D. Tex. 1995) (citing *Stone v. State Farm Mut. Auto. Ins. Co.*, No. Civ. 08-3859, 2008 WL 4507827, at *2 (E.D. La. Oct. 2, 2008) ("The amount of a settlement offer is 'valuable evidence to indicate the amount in controversy at the time of removal.'")); *see also Sw. Rsch. Inst. v. California Fueling, LLC*, No. SA-20-CV-00986-XR, 2020 WL 6281611, at *3 (W.D. Tex. Oct. 27, 2020) (collecting cases). However, a "plaintiff's settlement offer is ordinarily less than the damages the plaintiff expects to receive if victorious at trial, because the offer is obviously discounted by the risk of an outright loss at trial." *Pollet v. Sears Roebuck & Co.*, No. 01-31309, 2002 WL 1939917 (5th Cir. July 18, 2002) (quoting *Kliebert v. The Upjohn Co.*, 915 F.2d 142, 145 (5th Cir. 1990), *vacated for reh'g en banc*, 923 F.2d 47 (5th Cir. 1991), *appeal dism'd per stipulation of settlement*, 947 F.2d 736 (5th Cir. 1991)). Thus, "settlement offers are compelling evidence of the *minimum* amount in controversy." *Ham v. Bd. of Pensions of Presbyterian Church (U.S.A.)*, No. Civ. 3:04-CV-2692-P, 2005 WL 6271207, at *3 (N.D. Tex. Mar. 8, 2005) (emphasis added).

Because Defendant has satisfied its burden of establishing the requisite amount by a preponderance of the evidence, Plaintiffs must demonstrate to a legal certainty that the amount in controversy does not exceed the requisite amount. *See De Aguilar*, 47 F.3d at 1411. Plaintiffs have failed to do so. Thus, Plaintiffs have failed to demonstrate to a legal certainty that, at the time of

removal, they were not entitled to recover the jurisdictional amount. Plaintiffs' Motion to Remand must therefore be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand (ECF No. 9) is **DENIED**.

It is so **ORDERED**.

**SIGNED** July 5, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE